UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHADWICK MCQUEEN, AN INDIVIDUAL; AND T[]
TERRY MCQUEEN TESTAMENTARY TRUST,
    PLAINTIFF,

V.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,
    DEFENDANTS.

CASE NO.: 1:21-cv-06393

**FILED**
**1/3/2022** AK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# MOTION TO DISMISS

Defendant named on Schedule A as DittoArtShop, pro se, motions to this Court for my dismissal from this matter. For the reasons set forth below this Motion, good cause exists to grant this Motion.

## REASONS

1. I believe, with all due respect, that The Court does not have jurisdiction over me as a Defendant, because, I do not conduct any business in Illinois or in this Judicial District; none of the acts or events of which I stands accused, were undertaken in Illinois or in this Judicial District as I'm not located, nor have ever been in Illinois or in this Judicial District. The platform I'm using and have contract with – Etsy – is based in Ireland (Etsy Ireland UC, a subsidiary of Etsy, Inc).
2. None of the products I offered for sale are from Copyright Registrations mentioned in EXHIBIT 2 TO COMPLAINT. All products I offered related to Steve McQueen are shown in EXHIBIT 1 to this Motion.
3. I believe that my use of trademarks mentioned in EXHIBIT 1 TO COMPLAINT where Descriptive fair use:
   a. Phrase "Steve McQueen" was only used to describe person visible in the photo sold;
   b. Phrase "Steve McQueen" never appeared on photo itself or its' packaging;
   c. Examples of phrases used "Steve McQueen with wife", "Photo of Steve McQueen";
   d. Phrase "Steve McQueen" was not used in store name, store description, other products offered for sale or any marketing materials;
   e. Use of the phrase "Steve McQueen" was never used in a way to cause confusion. I have never passed off any products as Plaintiff's products, to my knowledge there has never been any confusion, I have never referenced or associated my store with Plaintiff or its products;
   f. All product clearly show (in description and details) that product are made-to-order and handmade by me, further removing any possibility of confusion with Plaintiffs' products.

4. Plaintiff asserts Trademark and Copyright infringement claims against a series of sellers of items depicting images they believe to infringe upon their copyrights' or trademarks' on eBay, Amazon, Etsy, Wish, iOffer, and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), without distinguishing between the many different sellers, and incorrectly representing that all sellers were Chinese fly-by-night counterfeiters, Plaintiff requested and obtained a preliminary injunction ex parte freezing mine and all other defendants' storefronts without notice and opportunity for a hearing for any of the Defendants.
5. Plaintiff first claims that I am infringing on Plaintiff's products by selling unauthentic, unauthorized and counterfeit products in connections with Plaintiff's federally registered trademarks and copyrights, ie. The "Counterfeit Products," as Plaintiff calls them, causing Plaintiff imminent harm. Critically missing from Plaintiff's motion is any showing of evidence of such imminent harm caused by my products.
6. Instead, Plaintiff's motion is suffused with hyperbole and ad hominem attacks that lump all Defendants together as one to tar all with the alleged misdeeds of others.
7. Plaintiff's next argument for harm that cannot be cured with monetary damages is the bald speculation that I will be unable or unwilling to satisfy any judgment simply because I'm are foreign entity. Accepting Plaintiff's argument would lead to the bizarre result that a TRO is always warranted against a foreign defendant, which has no support in the US law.
8. United States is a sales territory the platform of my choice – Etsy – operates and is available in, but at no point I am aiming to or conducting any physical business in the state of Illinois, in this Judicial District or United States, including for products outside the scope of this Action. Even my contractual agreements with platform are with a subsidiary based in Ireland.
9. I have already suffered substantial hardship because of the TRO and Injunction.
    a. My Etsy account is completely frozen preventing any sales of any products on this platform, even those not accused of infringement. Accordingly, in obtaining this blanket freeze, Plaintiff have managed to cripple my financial operations;
    b. I had to consult attorneys on both sides of the Atlantic Ocean to gather all the needed information and help related to this case.
10. It appears that Plaintiff does not have, and never had, a basis for obtaining an injunction. Rather, Plaintiff, far from fearing irreparable harm, simply wanted to deal a well-timed and forceful blow to its competitors before they were given the opportunity to defend themselves and used the TRO as bargaining strategy for settlement agreement while making me wait weeks until I got provided any cause or documentation related to this Action.
11. No defendant was served with advance notice of the Injunction or afforded an opportunity for a hearing in this matter. Plaintiff did not satisfy the notice requirement of Fed. R. Civ. P. Rule 65(a)(1).
12. On the merits, Plaintiff failed to show the immediate irreparable harm required to justify the "extraordinary and drastic," remedy of a preliminary injunction.
    a. Plaintiff suffuses their brief with ad hominem attacks against Chinese companies, and, in commingling a host of defendants without distinction, attempts to generalize the conduct of some defendants to all Defendants;
    b. Plaintiff also argued that I operate under multiple fictitious names, use false addresses, operate multiple credit card merchant accounts and third-party payment processor accounts and because I'm also foreign entity whose true identities could remain unknown, any monetary judgment may be difficult, if not impossible, to collect, which is pure speculation and not true;

c. In alleging damage to the goodwill and reputation of the Plaintiff's brand and in the presence of the copyright and trademark allegations, Plaintiff asserted, without identifying me that Defendants make and sell "infringing products" and alleged that customers would purchase the Defendants products believing them to be Plaintiffs' products;

d. While harm to goodwill can be an irreparable injury in certain circumstances, the "cases where courts have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers." *Kreg Therapeutics, Inc. v. VitalGo, Inc., 2011 WL 5325545, at *6 (N.D. Ill. Nov. 3, 2011)*;

e. In this case, Plaintiff has not alleged—nor can they—that they will be unable to provide products to customers because of my conduct;

f. Also prior to filing suit against me, Plaintiff performed no due diligence to determine the truth of its allegations against me, the validity of its claims or the authenticity, quality for the product at issue or my conduct of business in Illinois;

g. Plaintiff did not make a "test buy" of the product in question from me to assess its authenticity, quality or my conduct of business in Illinois;

h. Nor did Plaintiff perform even a perfunctory investigation of me or tried getting in touch to obtain my details, or even resolve this matter before claiming I'm a Chinese business using fictitious names, fake addresses and perpetuating an illusion of legitimacy by using other third-party logos to conspire with others like it to violate Plaintiffs' intellectual property rights;

i. Conclusory or speculative contentions are insufficient to demonstrate irreparable harm. Here, Plaintiff conclusively claimed a loss of sales, but proffered no evidence of specific instances of lost sales that are attributable to me and my alleged infringement with sales of unauthentic, unauthorized and counterfeit products;

j. Even assuming Plaintiff could prove that they were losing sales due to my conduct, the law is well-established that if "losses are purely financial, easily measured, and readily compensated, there is no showing of irreparable harm, and on this ground alone the preliminary injunction should be denied." *Mich. V. U.S. Army Corps of Eng'rs, No. 10-CV-4457, 2010 WL 5018559 at *24 (N.D. Ill. Dec. 2, 2010)*.

13. Even if the court were to assume that Plaintiff has shown some likelihood of success on the merits, the balance of harms weighs stronger in favor of me.
14. Plaintiff cannot dispute that I sold substantial amounts of products that are not being accused in this action.
15. The injunction that Plaintiff has brought against me has entirely frozen my Etsy account.
16. Plaintiff has unfairly and unreasonably blind-sided me by crippling my Etsy-dependent financial operations without due process.
17. Indeed, in obtaining the preliminary injunction, it does not appear that the substantial harm to me was even considered.
18. As set forth above, it takes time to build up an Etsy storefront, and every day my store is frozen is one more day where it drops in Etsy search rankings and brings no sales from non-infringing products.
19. Far from selling "knock-offs" and "low quality" products, I was selling high-quality products that are designed and hand crafted by me.

# EXHIBIT 1 to MOTION TO DISMISS



DATED: January 2, 2022

Respectfully submitted,

*/s/ DittoArtShop*
DittoArtShop
Defendant named on Schedule A
Pro Se Representative

No US based address
E-mail: art@ditto.pics