UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHADWICK MCQUEEN, AN INDIVIDUAL; AND THE TERRY MCQUEEN TESTAMENTARY TRUST,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:21-CV-06393<br><br>JUDGE ROBERT M. DOW, JR.<br><br>MAGISTRATE JUDGE JEFFREY T. GILBERT |

**PLAINTIFF'S MOTION TO STRIKE DITTOARTSHOP'S MOTION TO DISMISS [31] PURSUANT TO FED. R. CIV. P 11(a), OR, IN THE ALTERNATIVE, TO STAY MOTION AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiffs, Chadwick McQueen and the Terry McQueen Testamentary Trust ("SMQ" or "Plaintiffs"), by their counsel, move this Honorable Court to strike defendant DittoArtShop's ("Defendant") Motion to Dismiss (the "Motion") [31] for failure to meet the requirements of Fed. R. Civ. P 11(a) ("Rule 11(a)"), or, in the alternative, to stay briefing on the motion and for leave of Court to conduct jurisdictional discovery.

Every pleading must meet the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois. Rule 11(a) states as follows:

> (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention. Fed. R. Civ. P 11(a).

1

Here, the Defendant only includes the name of the store and an email address in the signature block of the Motion. As the Defendant has indicated that it is proceeding without representation, Rule 11(a) requires that the Motion be signed by "a party *personally* if the party is unrepresented." (emphasis added). However, no signature is provided in the Motion. Additionally, Rule 11(a) requires that the Motion state the signer's address and telephone number, in addition to the email address provided by the Defendant. Here, the Defendant has failed to provide a signature, an address, and a telephone number as required by the Rule. Because Defendant has failed to adhere to Rule 11(a), the Motion should be struck.

Furthermore, it is unclear at this point if the Defendant is run by a solo entrepreneur or if it is a business that has been incorporated. It is well and clearly established law that a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See United States v. Hagerman,* 549 F.3d 536 (7th Cir. 2008) ("There are many small corporations and corporation substitutes such as limited liability companies. But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners … carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary and the burden is not to be borne when the litigant has chosen to do business in entity form." *Id*., at 581-82. If Defendant is a business, it is required to obtain counsel; and given that there has been no appearance filed by an attorney on its behalf, and that the Motion is not signed by anyone, let alone an attorney; Defendant's Motion should be struck for failing to abide by the rules of this Court.

Plaintiff argues that Rule 11(a) should be given far greater weight in cases such as the one at hand, as one of the difficulties of holding Defendants to account for infringing and counterfeit activity conducted through Internet stores is the evasive actions by the Defendants to hide their

identities. As such, Plaintiff respectfully requests that Defendant's Motion be struck in its entirety for failure to adhere to the rules of this Court and given the prejudicial result that would occur should the Motion be granted; namely, that the Defendant would continue to evade and hide his identity from the Plaintiff.

Alternatively, Plaintiff requests a stay of the Motion and leave of Court to conduct jurisdictional discovery. The Defendant targeted United States consumers by setting up multiple U.S. facing Internet stores on the marketplace Etsy.com.[1] While the Defendant himself resides in Latvia, his store, DittoArtShop, is set-up in English; advertises infringing products to the United States; and offers shipping into the U.S, as does his other known store, dittopics.[2] [8] at ¶ 3 and 20. Furthermore, DittoArtShop, accepts payment in U.S. dollars. *Id.* True and correct copies of screenshot printouts showing Defendant's Etsy.com store are attached hereto as **Exhibit 1**. As such, this Court properly exercised personal jurisdiction[3] over the Defendant. *See Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.,* No. 20-cv-7477 (N.D. Ill March 24, 2021 (Dkt. No. 46) (unpublished)[4] (citing *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392-93 (7th Cir. 2020). Defendants' Motion, which includes only conclusory statements with no supporting declaration or corroborating exhibits, should be denied.

However, to the extent that there is any ambiguity regarding personal jurisdiction, Plaintiff seeks limited jurisdictional discovery to test the veracity of and learn the factual basis for statements made in Defendants' Motion. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus.*

---

[1] While only one Internet store belonging to this defendant has been named in this action – DittoArtShop – after receiving expedited discovery from the Etsy marketplace, it has been determined that the defendant operates multiple Etsy Internet storefronts that offer for sale numerous infringing products into the U.S.
[2] Screenshots of Defendant's other confirmed store, dittopics, showing the defendant offering infringing items unrelated to this case, with shipping into the U.S., are also attached as **Exhibit 2**.
[3] Defendant was properly served via email and electronic publication on December 29, 2021 [26] pursuant to this Court's Order [18]; to which Defendant responded via email with an attached copy of his Motion [31] on January 2, 2022.
[4] Copies of unpublished opinions are attached hereto as **Exhibit 3**.

*Co.*, No. 02-cv-4615, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. 2003) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F .3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiffs claim is clearly frivolous.")); *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018) (unpublished) (Dkt. No. 75) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."); *HAMANN GmbH v. The Partnerships, et al.* No. 21-cv-3591 (N.D. Ill. Oct. 8, 2021) (unpublished) (Dkt. No. 53) (granting Plaintiff's motion for leave to conduct jurisdictional discovery). Defendant's Motion includes conclusory statements regarding jurisdiction without providing any supporting documentation. For example, Defendant states that "at no point I am aiming to or conducting any physical business in the state of Illinois, in this Judicial District or United States, including for products outside the scope of this Action" without providing any factual basis for such a statement. [31] at ¶ 8. In addition, Defendant's Motion omits key facts such as the actions taken by Defendant in setting up the Etsy storefronts, the nature of products sold through Defendant's Etsy stores, the search method that was performed to determine how many infringing items were sold and to which locations, and Defendant's contacts with the United States outside of Illinois, which is relevant under Fed. R. Civ. P. 4(k)(2). *See HAMANN*, No. 21-cv-3591 (N.D. Ill. Oct. 8, 2021). Without limited jurisdictional discovery, Plaintiff does not have access to this information.

     As such, Plaintiff requests that this Court strike Defendant's Motion in its entirety for failing to abide by the rules of the Court, or, in the alternative, grant leave for Plaintiff to conduct limited jurisdictional discovery of Defendant's Internet stores prior to Plaintiff responding to Defendant's Motion.

Dated: January 24, 2022 	Respectfully submitted,

*/s/ Alison Carter*
Alison Carter
Ann Marie Sullivan
Sofia Quezada
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail:  akc@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***